21-843-cv
Helwing v. Pszeniczny

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of March, two thousand twenty-two.

PRESENT:
>
> GUIDO CALABRESI,
> SUSAN L. CARNEY,
> BETH ROBINSON,
> *Circuit Judges.*

---

Tomasz Piotr Helwing,

>  *Plaintiff-Counter-Defendant-Appellant*,

> v.                                    No.  21-843

Jan Pszeniczny,

>  *Defendant-Counter-Claimant-Appellee*,

City of New York,

>  *Defendant-Appellee*,

Greg Soboleski, AKA Grzegorz Jonczyk, John and Jane Doe,

>  *Defendants*.

---

**FOR PLAINTIFF-APPELLANT:**          Tomasz Piotr Helwing, *pro se*, Howard Beach, NY.

**FOR DEFENDANT-APPELLEE JAN          No appearance.***
PSZENICZNY**:

**FOR DEFENDANT-APPELLEE CITY          MacKenzie Fillow, Deborah Brenner,
OF NEW YORK**:                          Assistant Corporation Counsel, *for* Georgia M. Pestana, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Matsumoto, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Tomasz Helwing, proceeding pro se, sued the City of New York and others under 42 U.S.C. § 1983 and state law.[1] He alleges that he was beaten by police officers in December 2013, falsely arrested in March 2015, and maliciously prosecuted from 2015 to 2017. The district court dismissed the second amended complaint for failure to state a claim. We assume

---

\* The court has been informed that Jan Pszeniczny, Helwing's former landlord and a defendant in this action, died in February 2020. Helwing did not move the district court to substitute a representative of the estate for Pszeniczny in the litigation, and accordingly, the district court dismissed Helwing's claims against him. Helwing named Pszeniczny as an appellee in the notice of appeal but has not moved for substitution in this court either. He does not challenge the dismissal of Pszeniczny on appeal.

[1] Helwing also sued individual police officers, Jan Pszeniczny, and his former employer Greg Sobolewski. The officers were never served and therefore were never parties to the litigation. *See Omni Capital Int'l, Ltd. v. Rudolph Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). The district court dismissed the claims against Sobolewski because Helwing failed to prosecute the claims against him. Helwing did not challenge the dismissal of Sobolewski on appeal. He therefore waived any issues related to the dismissal. *See LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995).

the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I. Waiver

While we "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam) (internal quotation marks omitted), pro se appellants must still comply with Federal Rule of Appellate Procedure 28(a), which "requires appellants in their briefs to provide the court with a clear statement of the issues on appeal," *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998) (per curiam). We "normally will not[] decide issues that a party fails to raise in his or her appellate brief." *Id.*; *see also LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) ("[W]e need not manufacture claims of error for an appellant proceeding *pro se*[.]"). Nor will we decide issues that a pro se appellant raises in his brief only in passing. *See Gerstenbluth v. Credit Suisse Secs. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013) (pro se appellant "waived" all claims against one appellee by mentioning the adverse district court ruling only "obliquely and in passing"); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

Here, Helwing's opening brief fails to address the reasons the district court dismissed his claims: he failed to allege that the individual defendants acted pursuant to a municipal policy or custom; his excessive force claim was untimely; he failed to state claims for malicious prosecution; and he failed to file a notice of claim for his state law claims. Instead, Helwing argues that the district court was biased against him and that he was the subject of a RICO conspiracy—arguments that are nonresponsive to the grounds for dismissal. He has thus waived any challenge to these

3

dispositive issues, and we affirm the district court's judgment on that basis.  *See LoSacco*, 71 F.3d at 93.

## II.    Merits

Even if we were to excuse the waiver, we would affirm the judgment on the merits.  "We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor."  *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).   To survive a motion to dismiss under Rule 12(b)(6), the complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

Helwing's excessive force and false arrest claims were untimely.   "Section 1983 actions filed in New York are . . . subject to a three-year statute of limitations."  *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013).   A § 1983 claim "accrues when the plaintiff knows or has reason to know of the harm."  *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994) (internal quotation marks omitted).   Helwing filed his original complaint in July 2018.   His complaint is therefore timely only if his claims accrued in July 2015 or later.   But Helwing complains of acts that occurred in December 2013 (the alleged assault by the police officers) and March 2015 (his arrest).   Any § 1983 claim premised on these acts was therefore untimely.

Helwing also failed to state a claim for malicious prosecution under § 1983.   To state such a claim, a plaintiff must allege "(1) that the defendant initiated a prosecution against the plaintiff,

4

(2) that the defendant lacked probable cause to believe the proceeding could succeed, (3) that the defendant acted with malice, . . . (4) that the prosecution was terminated in the plaintiff's favor . . . [and] that there was (5) a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights." *Rohman v. N.Y.C. Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000) (internal quotation marks and citations omitted). Helwing alleges no facts suggesting that the City was motivated by actual malice. He asserts generally that the officers involved and "all lawyers correlated to the criminal case," Second Am. Compl. ¶ 18, treated him unfairly and engaged in misconduct throughout the criminal proceeding. But Helwing fails to allege any facts that would establish malice on the part of the City in its proceedings against him from 2015 through 2017. Therefore, Helwing failed to state a claim for malicious prosecution.

We have considered all of Helwing's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5